# EDEN v BURLINGTON NORTHERN AIR FREIGHT, INC.
## Case No. 85-3348
County Court, Orange County
September 15, 1986

### APPEARANCES OF COUNSEL

**Frank Kruppenbacher** for plaintiff.
**Michael J. Roper** for defendant.

### OPINION OF THE COURT

JAMES C. HAUSER, County Judge.

This cause came to be heard before this court as to whether the plaintiff is entitled to the full cost of replacing goods lost by the defendant in transit.

### *FACTS*

The plaintiff purchased stereo equipment in Japan and employed the

defendant to ship the goods to the United States. The plaintiff shipped 5 packages but the defendant lost 3 of the packages. The cost of replacing the goods in the United States would be much more expensive than what the plaintiff purchased them for in Japan.

## ISSUE

Is the plaintiff entitled to be compensated for the difference in price between the purchase price of the goods in Japan and the cost of replacement of the goods in the United States?

## DISCUSSION

The first question the court must answer is whether the difference in price is considered consequential in nature. There is no definition of consequential damages under Fla. Stat. 677. This court agrees with the defendant that under the common law the damages would have to be considered consequential in nature, since the price differential did not flow directly and immediately from the acts of the parties.[1]

However, the court agrees with the plaintiff that the difference in the price is really "cover" as defined by Fla. Stat. 672.712(2)[2] and not consequential damages. The court thus rules that the U.C.C. supersedes the common law on this point. Since the bill of lading did not exclude "cover" the court rules that the plaintiff will be entitled to fully recover the cost of replacing the lost items even though the costs of replacement in the United States will exceed the original cost of purchasing the items in Japan.

DONE AND ORDERED this 15th day of September, 1986.

---

[1] See Black's Law Dictionary for a definition of consequential damages.

[2] "The buyer may recover from the seller as damages the difference between the cost of cover and the contract price, together with any . . . consequential damages. . ."